# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARRISON S. JOHNSON, | CASE NO. 1:08-cv-00046-AWI-GSA PC |
| Plaintiff, | ORDER TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED AGAINST PLAINTIFF FOR ACTING IN BAD FAITH BY MAKING FALSE ALLEGATIONS IN THE COMPLAINT |
| v. | |
| K. CANNON, | |
| Defendant. | (Doc. 1) |
| / | RESPONSE DUE WITHIN THIRTY DAYS |

**Order to Show Cause**

Plaintiff Garrison S. Johnson ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on January 9, 2008.

In a Findings and Recommendations issued concurrently with this Order, the Court found that Plaintiff's complaint fails to state any claims upon which relief may be granted and recommended dismissal of the action. In support of Plaintiff's claim that Defendant Cannon violated his right of access to the courts, Plaintiff alleges that the Court denied his motion for preliminary injunctive relief in case number 1:05-cv-01340-LJO-GSA PC Johnson v. Hickman. Plaintiff alleges that his motion was denied because he failed to demonstrate a likelihood of success on the merits or the threat of imminent irreparable harm; that Defendant's failure to provide him with his legal documents, legal books, and materials prevented him from making this showing; that the material containing instructional information on preparing motions for preliminary injunctions was withheld

1

1  from him; and that his motion would have been granted but for his missing legal material. (Doc. 1,

2  Comp., ¶¶14-18.)

3       In fact, Plaintiff's motion was denied because the Court did not have jurisdiction to issue the

4  orders sought by Plaintiff, not because Plaintiff failed to meet his burden of demonstrating likelihood

5  of success on the merits or a threat of irreparable injury.[1]

6       The Court has inherent power to sanction parties or their attorneys for improper conduct.

7  Chambers v. Nasco, Inc., 501 U.S. 32, 43-46 (1991); Roadway Express, Inc. v. Piper, 447 U.S. 752,

8  766 (1980); Fink v. Gomez, 239 F.3d 989, 991 (9th Cir. 2001).  The Court's "inherent power

9  'extends to a full range of litigation abuses.'"  Fink, 239 F.3d at 992 (quoting Chambers, 501 U.S.

10  at 46-47).  However, in order to sanction a litigant under the Court's inherent powers, the Court must

11  make a specific finding of "bad faith or conduct tantamount to bad faith."  Fink, 239 F.3d at 994.

12  "Dismissal is an available sanction when a party has engaged deliberately in deceptive practices that

13  undermine the integrity of judicial proceedings because courts have inherent power to dismiss an

14  action when a party has willfully deceived the court and engaged in conduct utterly inconsistent with

15  the orderly administration of justice."  Leon v. IDX Systems Corp., 464 F.3d 951, 958 (9th Cir.

16  2006) (quotations and citations omitted).

17       Plaintiff misrepresented judicial action taken in one of his other cases in an effort to forward

18  a claim which would otherwise be without legal support.

19       The right to due process requires that prior to the imposition of sanctions, the party subject

20  to sanctions be provided with notice and an opportunity to be heard.  Pacific Harbor Capital, Inc. v.

21  Carnival Air Lines, Inc., 210 F.3d 1112, 1118 (9th Cir. 2000).  Therefore, Plaintiff is HEREBY

22  ///

23  ///

24  ///

25  ORDERED, within **thirty (30) days** from the date of service of this order, to show cause why this

26

27

28

---

[1] The Court takes judicial notice of court records.

1   action should not be dismissed, with prejudice, as a sanction for acting in bad faith.[2]

2

3

4        IT IS SO ORDERED.

5        **Dated:    August 29, 2008**                    **/s/ Gary S. Austin**
                                                    UNITED STATES MAGISTRATE JUDGE
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27
    _____

28        [2] Because the Court has also recommended dismissal for failure to state a claim, sanctions would be an alternate ground for dismissal.