**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARRISON S. JOHNSON, | CASE NO. 1:08-cv-00046-AWI-GSA PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION |
| v. | FOR FAILURE TO STATE A CLAIM |
| K. CANNON, | (Doc. 1) |
| Defendant. | OBJECTION DUE WITHIN THIRTY DAYS |

**Findings and Recommendations Following Screening of Complaint**

**I.     Screening Requirement**

Plaintiff Garrison S. Johnson ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on January 9, 2008.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

///

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

## II. Plaintiff's Claims

Plaintiff is incarcerated at California Correctional Institution in Tehachapi, where the events at issue in this action occurred. Plaintiff alleges that he was housed in administrative segregation between March 17, 2007 and an unspecified date in July 2007. During that time, Plaintiff did not have access to all of his legal property. On March 21, 2007, Plaintiff notified Defendant Cannon in writing that he had legal deadlines in pending court cases but Defendant did not provide him with his legal property. On March 30, 2007, Plaintiff submitted a written request for his legal material but Defendant Cannon did not respond.

Plaintiff filed an inmate appeal on April 30, 2007, and was provided with some of his legal property by Defendant Cannon on May 16, 2007. On June 25, 2007, Plaintiff filed a staff complaint against Defendant Cannon in which he contended that Defendant was retaliating against him for filing Johnson v. California by failing to provide him with his legal material.[1] After Defendant Cannon was questioned on June 26, 2007, regarding Plaintiff's staff complaint, Defendant stated that he could not find all of Plaintiff's legal work. Plaintiff responded that he was entitled to have all of his legal property and if he had it, he could locate the documents and material he needed. Defendant

---

[1] Plaintiff was the petitioner in Johnson v. California, 543 U.S. 499, 125 S.Ct. 1141 (2005), in which the United States Supreme Court held that in deciding an equal protection challenge, the California Department of Corrections' unwritten policy segregating prisoners by race was subject to strict scrutiny rather than the deferential Turner standard.

2

Cannon told Plaintiff that he could look through his property when he got out of administrative segregation. After Plaintiff was released from administrative segregation in July 2007, his legal property was returned to him in full on August 30, 2007.

As a result of these events, Plaintiff alleges claims for relief under section 1983 for denial of access to the courts and retaliation.

### A.     Denial of Access to the Courts Claim

Inmates have a fundamental constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346, 116 S.Ct. 2174, 2177 (1996). The right is limited to direct criminal appeals, habeas petitions, and civil rights actions. Id. at 354, 2181-82. Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a meritorious suit that cannot now be tried (backward-looking claim). Christopher v. Harbury, 536 U.S. 403, 412-15, 122 S.Ct. 2179, 2185-87 (2002). For backward-looking claims such as that at issue here, plaintiff "must show: 1) the loss of a 'nonfrivolous' or 'arguable' underlying claim; 2) the official acts frustrating the litigation; and 3) a remedy that may be awarded as recompense but that is not otherwise available in a future suit." Phillips v. Hust, 477 F.3d 1070, 1076 (9th Cir. 2007).

The first element requires that the plaintiff show he suffered an "actual injury" by being shut out of court. Harbury 536 U.S. at 415, 121 S.Ct. at 2187; Lewis, 518 U.S. at 351, 116 S.Ct. at 2180; Phillips, 477 F.3d at 1076. The second element requires that the plaintiff show the defendant proximately caused the alleged violation of the plaintiff's rights, "[t]he touchstone . . . [for which] is foreseeability." Phillips, 477 at 1077. Finally, the third element requires that the plaintiff show he has no other remedy than the relief available via *this* suit for denial of access to the courts. Id. at 1078-79.

The actual injury alleged by Plaintiff is the denial of his motion for preliminary injunctive relief in case number 1:05-cv-01340-LJO-GSA PC Johnson v. Hickman on May 18, 2007. Plaintiff alleges that the Court denied his motion because he failed to demonstrate a likelihood of success on the merits or the threat of imminent irreparable harm; that Defendant's failure to provide him with his legal documents, legal books, and materials prevented him from making this showing; that the

material containing instructional information on preparing motions for preliminary injunctions was withheld from him; and that his motion would have been granted had he possessed all of his legal material. (Comp., ¶¶14-18.)

On April 27, 2007, Plaintiff filed a motion seeking preliminary injunctive relief in case number 05-01340, and the motion was denied by order filed May 21, 2007.[2] (Case number 05-01340, docs. 72, 76.) The motion was denied not because Plaintiff failed to meet his burden of demonstrating likelihood of success on the merits or a threat of irreparable injury but because the Court did not have jurisdiction to issue the orders sought by Plaintiff. (Id., doc. 76.)

The claims at issue in case number 05-01340 arose from the past use of excessive physical force and the past failure to provide medical treatment at California State Prison-Corcoran. (Id., docs. 16, 26, 34.) In his motion for preliminary injunctive relief, Plaintiff sought a court order mandating his transfer to another prison or his placement in federal custody, and the return of his legal property, books, and documents. (Id., Doc. 72.) In denying the motion, the Court stated, "Plaintiff is currently housed at the California Correctional Institution ("CCI") in Tehachapi. The events giving rise to plaintiff's claims in this action occurred at California State Prison-Corcoran in 2005. The preliminary injunctions plaintiff currently seeks relate to his current conditions of confinement at CCI, and issuance of the orders would not remedy the claims at issue in this action. As such, the court does not have jurisdiction, in this action, to issue the orders sought by plaintiff in his motion and his motion shall therefore be denied." (Id.) This ruling was unrelated to a failure to demonstrate demonstrating likelihood of success on the merits or a threat of irreparable injury.

Because Plaintiff did not sustain an actual injury in case number 05-01340 as a result of the lack of full access to his legal material, his access to the courts claim fails as a matter of law and the Court recommends it be dismissed, with prejudice. Plaintiff's misrepresentation of the facts subjects him to the possible imposition of sanctions, addressed by separate order.

///

///

---

[2] The Court takes judicial notice of court records in case number 1:05-cv-01340-LJO-GSA PC.

**B.    Retaliation Claim**

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

Adverse action is action that "would chill a person of ordinary firmness" from engaging in that activity. Pinard v. Clatskanie School Dist., 467 F.3d 755, 770 (9th Cir. 2006); White v. Lee, 227 F.3d 1214, 1228 (9th Cir. 2000); see also Lewis v. Jacks, 486 F.3d 1025, 1028 (8th Cir. 2007); see also Thomas v. Eby, 481 F.3d 434, 440 (6th Cir. 2007); Bennett v. Hendrix, 423 F.3d 1247, 1250-51 (11th Cir. 2005); Constantine v. Rectors & Visitors of George Mason Univ., 411 F.3d 474, 500 (4th Cir. 2005); Gill v. Pidlypchak, 389 F.3d 379, 381 (2d Cir. 2004); Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001). Both litigation in court and filing inmate grievances are protected activities and it is impermissible for prison officials to retaliate against inmates for engaging in theses activities. However, not every allegedly adverse action will be sufficient to support a claim under section 1983 for retaliation. In the prison context, cases in this Circuit addressing First Amendment retaliation claims involve situations where the action taken by the defendant was clearly adverse to the plaintiff. Rhodes v. Robinson, 408 F.3d 559, 568 (9th Cir. 2005) (arbitrary confiscation and destruction of property, initiation of a prison transfer, and assault in retaliation for filing grievances); Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) (retaliatory placement in administrative segregation for filing grievances); Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003) (retaliatory validation as a gang member for filing grievances); Hines v. Gomez, 108 F.3d 265, 267(9th Cir. 1997) (retaliatory issuance of false rules violation and subsequent finding of guilt); Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995) (retaliatory prison transfer and double-cell status in retaliation); Valandingham v. Bojorquez, 866 F.2d 1135, 1138 (9th Cir. 1989) (inmate labeled him a snitch and approached by

other inmates and threatened with harm as a result); Rizzo v. Dawson, 778 F.2d 527, 530-32 (9th Cir. 1985) (retaliatory reassignment out of vocational class and transfer to a different prison). In this instance, Plaintiff was housed in administrative segregation for approximately four months. During that time, Plaintiff had possession of some of his legal material but not all of it.

The burden alleged by Plaintiff is that he was injured in case number 05-01340 because he was unable to sufficiently brief likelihood of success on the merits or a threat of irreparable injury. The alleged burden is a misrepresentation of the legal proceeding in Plaintiff's other case, and the motion Plaintiff lost was in fact directed, in part, at obtaining the legal material at issue here. Plaintiff has described no other burden. The mere fact that Plaintiff desired but did not have possession of all of his legal material during his time in administrative segregation is simply not sufficiently adverse to support a constitutional claim. Further, although Plaintiff alleges in his complaint that he stated in his staff complaint that Defendant Cannon was retaliating against him for his litigation in Johnson v. California, Plaintiff's complaint in this action is devoid of any facts which support a retaliatory motive on Defendant's part. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007) (citations omitted).

That Plaintiff did not have in his possession all of his legal material during the time he was in administrative segregation was at most an inconvenience to Plaintiff. That inconvenience did not constitute adverse action within the meaning of the First Amendment. The Court recommends dismissal of Plaintiff's retaliation claim, with prejudice, for failure to state a claim.

**III.    Conclusion and Recommendation**

For the reasons set forth herein, the Court finds that Plaintiff's complaint does not state a claim upon which relief may be granted under section 1983. The deficiencies identified by the Court are not curable, Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987), and therefore, it is HEREBY RECOMMENDED that this action be dismissed, with prejudice, for failure state a claim.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written

objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **August 29, 2008**           /s/ **Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE